FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 24, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MARTHA M. N.,[1] | |
| Plaintiff, | No. 1:23-CV-03043-SAB |
| v. | |
| COMMISSIONER OF SOCIAL | **ORDER DENYING MOTION TO** |
| SECURITY, | **DISMISS** |
| Defendant. | |

Before the Court is the Commissioner's Motion to Dismiss, ECF No. 8. The Commissioner is represented by Edmund Darcher and Brian Donovan. Plaintiff is represented by D. James Tree.

On March 24, 2023, Plaintiff filed her Complaint asking the Court to find that her Request for Reconsideration appealing the denial of the disability was timely filed because the Notice of Disapproved Claim was not received until August 15, 2022, or in the alternative find good cause for late submission for the Request for Reconsideration appealing the denial of the disability claims. Plaintiff asks the Court to issue a Writ of Mandamus ordering the Social Security Administration to process the Request for Reconsideration.

---

[1] Pursuant to the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States, Plaintiff's name is partially redacted.

**ORDER DENYING MOTION TO DISMISS ~ 1**

The Commissioner now moves the Court to dismiss Plaintiff's complaint for failure to state a claim upon which relief can be granted. The Commissioner argues that because Plaintiff failed to file a timely request for reconsideration and her assertions of good cause for the untimely reconsideration request were denied, the dismissal of Plaintiff's application is not subject to judicial review.

In response, Plaintiff argues that in its motion, the Commissioner failed to address her primary request, which is for this Court to find that her Request for Reconsideration was timely. Plaintiff also asks the Court to issue a Writ of Mandamus.

The Commissioner did not file a timely reply.

### Motion Standard

Although the Commissioner argues that Plaintiff has failed to state a claim upon which relief may be granted, the essence of its motion is that the Court does not have subject matter jurisdiction to hear Plaintiff's Complaint.

A party may challenge the Court's subject matter jurisdiction under Fed. 12(b)(1). A Rule 12(b)(1) motion may be facial or factual. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. *Id*. In deciding a facial Rule 12(b)(1) motion, the Court must assume Plaintiff's allegations in the Complaint to be true and draw all reasonable inferences in his favor. *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004).

### Analysis

The basis for the Commissioner's motion is that the Court does not have jurisdiction to determine whether good cause existed for Plaintiff's presumably untimely reconsideration request. This is true, except to the extent that a claimant is arguing that their due process rights were violated. *See Dexter v. Colvin*, 731 F.3d 977 (9th Cir. 2013). But that does not answer the question whether the Court

**ORDER DENYING MOTION TO DISMISS ~ 2**

has jurisdiction to determine whether the reconsideration request should be deemed timely. The Commissioner did not address this issue, nor did it file a reply to address Plaintiff's request that the Court find that the reconsideration request was timely and issue a writ.

Given the extraordinary nature surrounding the issuance of a writ, the Court declines Plaintiff's request for a writ without a formal motion and a response from the Commissioner.

Accordingly, **IT IS HEREBY ORDERED**:

1. The Commissioner's Motion to Dismiss, ECF No. 8, is **DENIED**.

2.  Within thirty (30) days from the date of this Order, Plaintiff shall file a motion for a writ of mandamus. The Commissioner shall file its response within thirty (30) days from service of the motion. Any reply shall be filed within fourteen (14) days from service of the response.

**IT IS SO ORDERED**. The District Court Executive is hereby directed to file this Order, provide copies to counsel.

**DATED** this 24th day of August 2023.

Stanley A. Bastian
Chief United States District Judge

**ORDER DENYING MOTION TO DISMISS ~ 3**